IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| MARY MAKUPSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Civil Action No.: 3:08-3587-TLW-JRM |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant. | ) | |

# ORDER

Plaintiff has brought this action to obtain judicial review of a final decision of the defendant, Commissioner of Social Security, denying her claims for disability benefits. This matter is before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Joseph R. McCrorey, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), (D.S.C.). In the Report, the Magistrate Judge recommends that the decision of the Commissioner be affirmed. (Doc. # 15). The Report was filed on March 1, 2010. The plaintiff filed objections on March 18, 2010. (Doc. # 16). This Court has carefully reviewed the Report in light of the objections filed by the plaintiff. Among other issues, the plaintiff refers to "the top of page 23 of the record." The Court has reviewed the record including this section of the record. The ALJ states that after "considering all of the evidence of record, I am persuaded that her incontinence is fairly minimal." The ALJ highlights the medical evidence in his report. The plaintiff also states, "Reliance on the Grids was misplaced." The Magistrate Judge analyzed the Grids / VE issue. (Report at p. 12). He fully analyzed why use of the Grids was appropriate in this case and noted,

"The ALJ specifically discussed how incontinence affected Plaintiff's ability to work." The Magistrate Judge cited a number of cases relevant to the analysis related to the use of the Grids. This Court has reviewed the cited cases and the Magistrate Judge's analysis. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. # 15). Therefore, for the reasons articulated by the Magistrate Judge, the Commissioner's decision is **AFFIRMED**

**IT IS SO ORDERED**.

s/Terry L. Wooten
United States District Judge

March 23, 2010
Florence, South Carolina